UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JULIAN SANTANA LOPEZ,

Petitioner,

v.

WARDEN DESERT VIEW FACILITY, ADELANTO ICE PROCESSING CENTER, et al.,

Respondents.

Case No. 5:26-cv-06026-PD

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**

**A# 221-462-983**

Julian Sanatana Lopez ("Petitioner") filed a counseled, verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1. The Court has considered the Petition, the attached exhibits, Respondents' Response to Petition, and Petitioner's Reply. For the reasons stated below, the Petition is granted.

## I. Background[1]

Petitioner is a 44-year-old citizen of Mexico who entered the United States without inspection and has resided here since 2016. Dkt. Nos. 1, Petition ¶ 1; 1-1 at 14.[2] He has many family members who are Permanent Residents and United States citizens. *Id.* ¶ 2; 1-1 at 2-8. Petitioner states that as a brother to a United States citizen, he would be eligible for permanent residency as a beneficiary of an I-130 Petition for Alien Relative. *Id.* ¶ 3. Since arriving in the United States, Petitioner has worked as a pool cleaner at Poolcare Solutions and has paid U.S. federal income taxes on the income earned. *Id.* ¶ 4; 1-1 at 10-11.

On September 16, 2026, Petitioner was arrested while driving in an operation by ICE agents in unmarked vehicles. *Id.* ¶ 7. The ICE agents told Petitioner that they were looking for a different person, but they asked to see his identification to verify his status. *Id.* Petitioner states that he received no pre-deprivation process prior to his arrest, nor did Respondents indicate that they believed him to be a risk of escape. *Id.* Petitioner further states that he did not receive notice and an opportunity to be heard, nor did Respondents provide him with a pre-arrest warrant for his arrest. *Id.*

Petitioner has been held at the Desert View Facility, Adelanto ICE Processing Center since his arrest. *Id.* ¶ 8. Petitioner has not yet had a custody redetermination hearing before the Executive Office of Immigration Review ("EOIR") or another neutral arbiter. *Id.* ¶ 9.

---

[1] The Court sets forth a summary of the relevant factual background based on the facts alleged in the Petition. Respondents had the opportunity to dispute these facts or provide additional facts but declined to do so unless noted herein. Dkt. No. 7. Therefore, the Court considers the following undisputed facts to be conceded for purposes of ruling on the Petition. *See* C.D. Cal. L.R. 7-12.

[2] The Court uses the page numbers inserted on the pleadings by the electronic docketing system.

## II. Discussion

The Petition raises two claims: (1) Violation of the Due Process Clause under the Fifth Amendment; and (2) Violation of the Immigration and Nationality Act—Respondents did not have a warrant for Petitioner's arrest; they did not assess his risk of escape prior to arresting him; and they did not provide him with a prompt initial custody determination hearing at the outset of his detention. Petitioner seeks release or in the alternative a bond hearing.

Respondents' Response to the Petition asserts that this is Petitioner's first detention and his relief is limited to, at most, a bond hearing under 8 U.S.C. § 1226(a). Dkt. No. 7 at 2-3. Respondents argue to the extent that Petitioner has not requested a bond hearing from the Immigration Court, he has not properly exhausted his available remedies. *Id.* at 2.

In his Reply, Petitioner argues that Respondents do not provide the lawful basis for his detention, respond to his due process or statutory claim, or explain their view of the appropriate relief for any meritorious claim. Dkt. No. 8 at 2-8. Because Respondents failed to challenge the substance of the Petition, he argues that he is entitled to immediate release.

### A. Petitioner is Entitled to Habeas Relief

Petitioner argues that his detention violates procedural due process and the statutory warrant protection provided in 8 U.S.C. §1226(a) and asks for release. Dkt. No. 1. Courts in this District have adopted the warrant argument that Petitioner advances here. *See Mora Yanez v. Johnson*, No. 5:26-cv-3518-SRM-ACCV, 2026 WL 2121260, at *2 (C.D. Cal. July 16, 2026); *Marin v.* Noem, No. 5:26-cv-9343-CV (SSCx), 2025 WL 3158094, at *3 (C.D. Cal. Oct. 4, 2025); *Villa Cabron v. Johnson*, No. 5:26-cv-04624-KES, 2026 WL 2584950, at *4 (C.D. Cal. Sept. 1, 2026); *Urias v. Semaia*, No. 26-cv-02753-DTB, 2026 WL 1710375, at *6 (C.D. Cal. June 10, 2026). *See also Delgado*

*Perez v. Warden*, No. 5:26-cv-2699-SVW-E, Dkt. No. 14, *Report and Recommendation (*recommending release on several grounds, including the finding that the petitioner was detained without compliance with the statutory and regulatory circumstances under which a warrantless arrest is appropriate), *adopted in relevant part by* 2026 WL 2211234 (C.D. Cal. July 30, 2026). Petitioner's due process argument, too, has been found persuasive. *Lobo-Portillo v. Johnson*, No. 5:26-CV-02105-SSS-AYP, 2026 WL 1365628, at *2 (C.D. Cal. May 8, 2026).

Respondents make no argument in their Response concerning Petitioner's warrant claim. *See* Dkt. No. 7 at 2-3. Respondents did not offer any evidence that the ICE agents had a warrant for Petitioner, nor did they offer any evidence that the ICE agents had any reason to believe that Petitioner was likely to flee or escape before a warrant could be obtained for him. Further, Respondents do not provide any argument that would undermine Petitioner's assertion that the lack of a warrant requires relief.

In addition, Respondents did not substantively respond to the merits of Petitioner's procedural due process claim. *See* Dkt. No. 7 at 2-3. In essence, then, Petitioner's *Mathews v. Eldrige*[3] argument is unopposed.

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Earlier this year, the Supreme Court reminded the lower courts that they are "essentially passive instruments of

[3] *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted).

Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no basis to reject Petitioner's claims. Their failure to do so constitutes forfeiture of the arguments they could have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to meaningfully oppose the claims or the relief sought. *See, e.g., Melendrez v. Warden of Desert View Facility, et al.*, 5:26-cv-527-BFM, 2026 WL 3036407, at *2-3 (C.D. Cal. Oct. 9, 2026) (granting petition based on respondents' failure to respond to petitioner's warrant and procedural due process claims and ordering petitioner released); *Gomez-Florez*

*v. Mullin*, 5:26-cv-5585-BFM, 2026 WL 3036136, at *1-2 (C.D. Cal. Oct. 9, 2026) (same); *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner released.

## III. Order

Based on the foregoing reasons, the Court GRANTS the Petition as follows:

Petitioner Jilian Santana Lopez (A# 221-462-983) is **ordered released** within 24 hours of this Order under the terms and conditions of Petitioner's existing release, as if Petitioner had not been detained. This Order does not provide Petitioner with blanket immunity from future detention – that relief is likely beyond the Court's jurisdiction – but any future enforcement actions after release must comply with Due Process requirements.

At the time of release, **Respondents are ordered** to return to Petitioner any of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents. **Respondents are further ordered** to file, within three days of Petitioner's release, a status report (1) confirming Petitioner's release, and (2) the return to Petitioner of his personal belongings, including the above-listed items.

IT IS SO ORDERED.

DATE: October 30, 2026

Patricia Donahue
United States Magistrate Judge